**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ANDRES FELICIANO MEJIA

Petitioners,

v.

RUBEN LEVYA, *et al*.,

Respondents.

Case No. 2:26-cv-1282-RFB-EJY

**ORDER ENFORCING (ECF NO. 10) CONDITIONAL WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Andres Feliciano Mejia's Motion to Enforce (ECF No. 14) this Court's June 8, 2026, Order Granting Petitioner a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10). For the following reasons, the Court finds Federal Respondents failed to comply with this Court's habeas Order. The Court therefore grants the Motion to Enforce and orders Petitioner's release on personal recognizance. The Court further enjoins Federal Respondents from re-detaining Petitioner without a pre-deprivation, constitutionally adequate bond hearing wherein the government must prove, *by clear and convincing evidence*, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was unlawfully arrested and detained by ICE on March 24, 2026, pursuant to 8 U.S.C. § 1225(b)(2)(A). See Order Granting Writ of Habeas Corpus 3, ECF No. 10 [hereinafter "Order Granting Writ"]. See also R. of Deportability/Inadmissibility 2–3, ECF No. 8-1 [hereinafter, "I-213"]. On June 8, 2026, this Court found Petitioner's detention without consideration for release on bond or conditional parole under § 1226(a) was unlawful under the

Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. See Order Granting Writ at 2–6. The Court ordered Respondents to provide Petitioner a "constitutionally adequate bond hearing" by June 10, 2026, wherein "the government must prove, *by clear and convincing evidence*, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest; namely, the government must show that his detention is necessary to: (i.) prevent danger to the community or (ii.) to ensure Petitioner's future appearance at removal proceedings" or immediately release him from detention on his own recognizance. Id. at 6. The Court further ordered that if the Immigration Court granted Petitioner release on bond, Respondents were to immediately release him from custody, with an extended deadline of July 10, 2026, to satisfy any bond conditions. Id. at 7. The Court also ordered the Immigration Court to "create a contemporaneous record of the bond hearing that is available to Petitioner upon request." Id. at 6–7.

On June 9, 2026, a bond hearing was held before an Immigration Judge ("IJ"). See Pet'r's Mot. to Enforce, Ex. 5 (June 9, 2026, Hr'g Audio), ECF No. 15-4 [hereinafter, "Recording"]. During the bond hearing, the IJ did not allow the Petitioner to be represented by the attorney who had been retained to represent him for the hearing. Id. at 0:29–3:39. The IJ claimed that she had not yet received her "E-28," likely a reference to Form EOIR-28, Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, OMB#1125-0006. Id. at 2:04–2:20. The IJ indicated that because counsel for Petitioner had filed the Form EOIR-28 "about an hour ago," she had not received the filing as "they are not instantaneous." Id. at 2:20–2:35. The IJ further indicated that she would not allow counsel for Petitioner any type of continuance to familiarize herself with the record because she was required to hold the bond hearing pursuant to this Court's Order Granting Writ. Id. at 1:12–2:20. Following this exchange, the bond hearing proceeded with the Petitioner being unrepresented. Id. at 2:45–17:09. At the conclusion of the proceeding, the IJ found that Petitioner was a danger to the community and a flight risk. Id. at 15:20–15:38. The IJ made this finding, based on Petitioner's single arrest, an in-place no-contact order with his partner, and a removal order that was still within the appeals period. Id. at 14:10–15:19.

On June 25, 2026, Petitioner filed a Motion to Enforce the Court's June 8, 2026, Order

Granting Writ based on the IJ's failure to provide a bond hearing in compliance with this Court's Order. See generally Pet'r's Mot. to Reopen and Enforce, ECF No. 14 [hereinafter, "Motion"]. The Motion became fully briefed on July 13, 2026, and competing Status Reports were filed on June 12, 2026. This Court's Order follows.

## II.    DISCUSSION

### A.   Legal Standard

When this Court granted Petitioner a writ of habeas corpus, "it declare[d] in essence" that Petitioner was "being held in custody in violation of his constitutional (or other federal) Rights." Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008) (citing 28 U.S.C. § 2254(a)); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody[.]"). However, rather than the traditional remedy of "unconditional release from custody," this Court employed a conditional order of release, which afforded the government an opportunity to promptly "take[] some remedial action" or release Petitioner on personal recognizance. See Harvest, 531 F.3d at 741–42 (citing Wilkinson v. Dotson, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing")).

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (quoting Jensen v. Pollard, 924 F.3d 451, 454 (7th Cir. 2019) and citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody." Id. (quoting Harvest, 531 F.3d at 750) (emphasis in original).

Upon the filing of a motion to enforce a conditional writ, "a district court must decide whether [the government] has complied with the remedy designed in the underlying habeas proceedings." Id. at 1246 (citing Jensen, 924 F.3d at 454–55). "This decision will in turn determine whether [the government] cured the constitutional violation adjudicated in the habeas proceedings

or whether the petitioner is entitled to immediate release from his unconstitutional detention." Id. (citing Harvest, 531 F.3d at 750; Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006)).

### B. Jurisdiction

Although Federal Respondents do not challenge the Court's jurisdiction to review the IJ's bond determination for compliance with this Court's Order, the Court incorporates by reference its prior finding that it has jurisdiction to consider whether Petitioner's bond hearing and bond determination complied with due process and this Court's conditional writ. Cruz Perez v. Blanche, No. 2:26-cv-00315-RFB-DJA, 2026 WL -------, at *6–7 (D. Nev. May 15, 2026).

### C. Administrative Exhaustion

Additionally, although Federal Respondents do not argue in this case that administrative exhaustion is required by appealing the IJ's bond determination to the BIA, the Court finds wavier of that requirement is proper here. This Court has "authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo, 646 F.3d at 1161 (affirming a district court's finding that administrative exhaustion was required where the petitioner had not "demonstrated grounds for excusing the exhaustion requirement" and the district court concluded "the government 'complied exactly with this Court's Order' by affording a bond hearing before an immigration judge."). For the same reasons as those discussed in Cruz Perez, the Court finds that waiver of the exhaustion requirement is appropriate in this case; the Court incorporates its same findings and reasoning herein. Cruz Perez, No. 2:26-cv-00315-RFB-DJA, at *7–9.

### D. Compliance and Constitutional Adequacy of Petitioner's June 9, 2026, Bond Hearing

8 U.S.C. § 1362 provides a statutory right for persons in removal proceedings before an IJ to be represented by authorized counsel. See also 8 U.S.C. § 1229a(b)(4)(A). Additionally, IJs are required to advise individuals in removal proceedings of their right to representation. 8 C.F.R. § 1240.10. The Ninth Circuit has consistently held that "denial of counsel . . . in an immigration proceeding may violate the Fifth Amendment." Montes-Lopez v. Holder, 694 F.3d 1085, 1089 (9th Cir. 2012) (citing Baltazar-Alcazar v. INS, 386 F.3d 940, 944 (9th Cir. 2004) and Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir. 1986)). Additionally, "a [noncitizen] who shows

that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney" to show that a due process violation occurred. Montes-Lopez, 694 F.3d at 1093–94.

When reviewing an immigration court's bond determination, a habeas court should take the immigration court "at its word" that it applied the correct burden of proof and reviewed all the evidence in the record. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). But when there are "red flags," for example, if the immigration court "misstates the record or fails to mention highly probative or potentially dispositive evidence," then the habeas court must not credit the immigration court's "catchall phrase to the contrary." Id. (citation modified).

This Court ordered that the government prove by clear and convincing evidence that Petitioner's detention was justified. "Clear and convincing evidence requires greater proof than preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that the truth of its factual contentions are [sic] highly probable.'" Sophanthavong v. Palmateer, 378 F.3d 859, 866 (9th Cir. 2004) (quoting Colorado v. New Mexico, 467 U.S. 310, 316 (1984)). Lastly, in determining whether release on bond is appropriate, an IJ may consider any or all of the following factors:

> 1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

In re Guerra, 24 I&N Dec. 37, 40 (B.I.A. 2006)

In this case, when the Court granted the conditional writ of habeas corpus, the Court required Federal Respondents to provide Petitioner with a constitutionally adequate bond hearing by June 10, 2026. At the hearing, the government was ordered to bear the burden of establishing Petitioner's dangerousness or flight risk by clear and convincing evidence, otherwise he was to be immediately released from custody on his own recognizance. Because the IJ did not allow the

Petitioner to be represented by the counsel that was retained, Petitioner's due process rights were violated, and the bond hearing was not "constitutionally adequate" as ordered.

At the beginning of the June 9, 2026, bond hearing, the IJ stated that the attorney who was at the hearing to represent the Petitioner was not the counsel of record. See Recording at 2:02–2:10. Counsel represented to the IJ that she had indeed filed the necessary form approximately an hour prior to the hearing. Id. at 2:19–2:25. See also Pet'r's Reply in Supp. of Mot. to Reopen and Enforce 2, ECF No. 19. Given that this Court ordered the bond hearing be held by June 10, 2026, and the Order itself was issued on June 8, 2026, there was little time for Petitioner's counsel to become aware of the Order and its implications, become aware of the bond hearing, file the necessary appearance form with the IJ, and prepare for the hearing. Since the hearing was held on June 9, 2026, counsel's filing of the appearance form and appearance at the hearing was sufficient to notify the IJ that she should be considered the counsel of record. 8 C.F.R. § 1003.17 governs entry of appearance documents using Form EOIR-28. The instructions contained therein and at 8 C.F.R. § 1003.31 only require that the necessary form be properly filed and served on the Department of Homeland Security. IJs do have discretion to set filing deadlines, but no such deadline existed here. See 8 C.F.R. § 1003.31(h). Additionally, there is no suggestion from the Federal Respondents that the form was improperly filed or that Petitioner failed to serve the form on the Department.

Once the IJ prevented counsel from representing Petitioner at the bond hearing, she then failed to ask Petitioner if he wished to proceed without an attorney. She only represented to him that his attorney was not counsel of record and could not represent him. See Recording at 2:45–3:46. Instead of delaying the bond hearing by a day, which she was permitted to do, and allowing Petitioner additional time to retain counsel, she opted to proceed with the bond hearing and refuse bond to an unrepresented Petitioner. Id. at 3:47–17:09. There is no question that the IJ failed to comply with due process requirements by denying Petitioner his statutory right to be represented by counsel in immigration proceedings. Based on the binding precedent in this Circuit, the Petitioner need not "show that he was prejudiced by the absence of the attorney." Montes-Lopez, 694 F.3d at 1094.

- 6 -

Federal Respondents' Response does not provide any legal support that alleviates the due process concerns surrounding Petitioner's bond hearing.  See generally Fed. Resp'ts' Resp. to Pet'r's Mot. to Enforce, ECF No. 18 [hereinafter "Response"]. Federal Respondents argue in their Response that the "very reason that Petitioner's legal counsel was not permitted to represent Petitioner at this custody redetermination was counsel's failure to timely file a Notice of Appearance." Id. at 2. However, Federal Respondents do not provide any legal authority to suggest that the Notice was not timely or properly filed. See generally id. They additionally argue that the IJ was unable to provide a continuance to Petitioner "to permit counsel to file that Notice of Appearance," because of the "very small window set in which the custody redetermination hearing must transpire." Id. at 2. Federal Respondents state, "[the] Immigration Court did everything it possibly could to accommodate for errors made by Petitioner and his legal counsel." Id. at 3. First, Petitioner's counsel's request for a short continuance was to familiarize herself with the case, not to file the Notice of Appearance. See Recording at 1:14–2:02. Additionally, Federal Respondents' argument that a continuance would have given Petitioner an argument that the Federal Respondents failed to conduct the bond hearing in the requisite timeframe ignores the fact that the continuance was requested *by Petitioner's counsel*. The IJ, in fact, did not do "everything it possibly could to accommodate for errors made by Petitioner and his legal counsel." It did not accept counsel's filed Notice of Appearance form, it did not allow counsel for Petitioner to enter an appearance on the record, it did not allow for a one-day continuance so that Petitioner's counsel could understand the case, and it did not ask Petitioner if he wished to proceed without an attorney. Federal Respondents cite no legal authority or factual circumstances that dictate a different result in this case.

In sum, this Court finds that because the IJ did not allow the Petitioner to be represented by counsel during the June 9, 2026, bond hearing, Petitioner's due process rights were violated. Accordingly, the June 9, 2026, bond hearing was not "constitutionally adequate" as ordered by this Court. See Order Enforcing Writ at 6. This Court declines to address whether the correct evidentiary burden was applied or whether the IJ abused her discretion during the bond hearing as this Order is made on due process grounds.

Because the government failed to comply with this Court's conditional writ, which required the government to bear the evidentiary burden at Petitioner's "constitutionally adequate" bond hearing by June 10, 2026, "or immediately release him from custody on his own recognizance[,]" Petitioner is entitled to release on personal recognizance, without a monetary bond condition. See Rose, 961 F.3d at 1246 (If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody.").

### III.    CONCLUSION

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 14) Motion to Enforce is **GRANTED**. The Court enforces its judgment as follows:

1. Respondents **IMMEDIATELY RELEASE** Petitioner from ICE custody on **PERSONAL RECOGNIZANCE on August 6, 2026, between the hours of 12:00 and 3:00 p.m. Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.** This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. All other directives in the Court's June 8, 2026, Order Granting Writ remain in full effect. If ICE or DHS impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

2. Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If DHS or ICE fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** the parties must file a **JOINT STATUS REPORT** certifying Federal Respondents' full compliance with this Order by **August 7, 2026**. The status

report must confirm (i) the date and time of Petitioner's release and (ii) Respondents' compliance with this Court's directives concerning conditions of release.

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 25(d), that the Clerk of Court is kindly instructed to amend the docket to reflect the following substitution of Respondents: David Venturella, Acting Head of U.S. Immigration and Customer Enforcement, is substituted for Respondent Todd Lyons.

   **DATED:** August 5, 2026.

   **RICHARD F. BOULWARE, II**
   **UNITED STATES DISTRICT JUDGE**